JAMES LEVER, Respondent, *v.* BUEL L. FOOTE, Appellant.

*Recovery of the possession of real estate — disputed questions of fact for the jury — direction of a verdict thereon, erroneous.*

Upon the trial of an action brought to recover the possession of certain real property, it was shown that the plaintiff, as tenant of the defendant, occupied the land in question from October 22 (or 19), 1892, for one year. The plaintiff testified that in a conversation with the defendant in September, 1893, he made an agreement with him to lease the same premises for a second year, which testimony was corroborated by that of another witness. The defendant, on October 20, 1893, took possession of a part of the demised premises, and on the same day the present action was commenced.

The defendant denied that at the conversation in September, 1893, he rented the premises to the plaintiff for one year, and testified that he, the plaintiff, only wanted the premises until spring; and a witness sworn in behalf of the defendant, in narrating what was said at that conversation, testified that the plaintiff said he wanted the house until the next spring, and that the defendant did not say yes or no. The court directed a verdict in favor of the plaintiff for the recovery of the possession of the premises in question.

*Held,* that the direction of such verdict was erroneous ;

That under the evidence a question of fact was presented for the determination of the jury, as to whether the lease was extended until the spring of 1894, or for one year;

That if the lease was only extended until spring, the action being tried on March 14, 1894, the plaintiff was not entitled to a judgment for the possession of the premises, but to the verdict and judgment as provided for in section 1520 of the Code of Civil Procedure;

That in any event the judgment should have determined the duration of the term for which the plaintiff could hold the premises;

That it was a question of fact for the jury to determine whether the minds of the parties met, and whether or not any new lease was created.

APPEAL by the defendant, Buel L. Foote, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Franklin on the 17th day of March, 1894, upon the verdict of a jury, rendered by direction of the court, after a trial at the Franklin Circuit awarding the plaintiff the possession of certain real estate, and also from an order made at the Franklin Circuit on the 12th day of March, 1894, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*John I. Gilbert,* for the appellant.

*John P. Kellas,* for the respondent.

PUTNAM, J.:

From the evidence it appears that plaintiff, as tenant of defendant, occupied the land, to recover possession of which the action was brought, from October 22 (or 19), 1892, for one year. Plaintiff testified that in a conversation with defendant in September, 1893, he made an agreement with him to lease the same premises for a second year. He is corroborated in this regard by another witness. The defendant, on October 20, 1893, took possession of a part of the demised premises, and on the same day this action was brought.

The defendant denied that at the conversation in 1893 he rented the premises to plaintiff for a year, testifying that plaintiff only wanted the house until spring, and his witness King, in narrating what transpired at said conversation in September, 1893, testifies that plaintiff said he wanted the house until next spring, and that defendant did not say yes or no.

The trial court directed a verdict for the plaintiff for the recovery of the possession of the premises in question.

We think he erred in his disposition of the case. It was under the evidence a question of fact for the jury whether the lease was extended until the spring of 1894 or for one year. If for one year the verdict and judgment were right as to awarding possession of the premises to plaintiff. If the lease was only extended *until* spring, the action being tried on the 14th of March, 1894, plaintiff was not entitled to a judgment for the possession of the premises, but to the verdict and judgment as provided for in section 1520 of the Code of Civil Procedure. In any event the judgment should have determined the duration of the term for which plaintiff could hold the premises. (Civil Code, § 1519.)

The error in the disposition of the case above pointed out was material. Under the judgment plaintiff could properly have held possession of the premises until October, 1894, while, if the question of fact had been submitted to the jury, they might have found that the lease terminated on or before the 1st of March, 1894.

We are doubtful whether, in any view, the court should have directed a verdict. According to the plaintiff's statement, he rented on October 22, 1892, the premises for one year at the monthly rent of six dollars, payable at the end of each month, and occupied until the last of September, 1893, when he had a conversation with

defendant and arranged for another year's occupancy. He then paid defendant six dollars, presumably the rent due for the month ending in September, 1893. If plaintiff's statement was true, he was legally in occupation of the premises as tenant until October, 22, 1893, under the first year's lease, and defendant unlawfully evicted him on October twentieth, two days before the term expired, and hence he was entitled to maintain the action either as tenant under the first lease or under the extended tenancy. On the other hand, defendant's witness King swears that when plaintiff proposed to rent the premises until spring defendant made no answer. It was then a question of fact for the jury whether the minds of the parties met, and whether any lease was created. While, from all the facts and testimony, it is probable that it was understood that plaintiff was to occupy the premises after the end of his first tenancy, it was not so certain that the court could determine the question as one of law. The rent paid in October was presumably the rent due under the first tenancy.

The first lease, according to plaintiff, ceased on October 22, 1893. But defendant testifies that the agreement was that the rent (which was equivalent to saying tenancy) was to commence on the nineteenth. If the plaintiff's tenancy commenced on October 19, 1892, and terminated October 19, 1893, and the tenancy was not extended for another term, the occupation of the premises in question by defendant, for which this action was brought, may have been on the day after the expiration of the lease. It is not improbable that on the trial the jury may take another view of the testimony and conclude that plaintiff was legally in occupation of the premises at the time of the intrusion of defendant thereon, either under the first lease or a renewal thereof. We think, however, that the evidence was not so clear and certain that the court could take the questions involved in the case from the jury.

It follows that the judgment should be reversed and a new trial granted, with the costs of the appeal to the appellant to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed, new trial granted, with costs of the appeal to the appellant to abide the event.